# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| SHAWN DIEHL, on behalf of himself and all others similarly situated, and CHRISTOPHER TERRY, on behalf of himself and all others similarly situated, | CV 09-169-M-DWM-JCL |
| Plaintiffs, | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| vs. | |
| RECONTRUST COMPANY, N.A., NORTHWEST TRUSTEE SERVICES INC., FIRST AMERICAN TITLE INSURANCE COMPANY; and DOES 1-10, | |
| Defendants. | |

_____

Presently before the Court are each of the Defendants' respective motions to dismiss under Fed. R. Civ. P. 12(b)(1), (b)(6), and (b)(7). Defendant Recontrust Company, N.A. also moves for the entry of a separate final judgment under Fed. R. Civ. P. 54. For the reasons discussed below, the Court concludes that Plaintiffs' allegations fail to state any claim upon which relief can be granted, and this action should be dismissed under Fed. R. Civ. P. 12(b)(6).

FINDINGS AND RECOMMENDATION - Page 1

**I. INTRODUCTION**

Plaintiffs filed this putative class action lawsuit challenging Defendants' conduct and the procedures they employed in foreclosing on trust indentures the Plaintiffs executed under the Small Tract Financing Act of Montana, Mont. Code Ann. § 71-1-301 et seq., to secure financing on the Plaintiffs' residences. The Plaintiffs also advance claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

Plaintiff Shawn Diehl purchased property in Frenchtown, Montana. He secured financing for his purchase through a trust indenture under the Small Tract Financing Act. Defendant First American Title Insurance Company ("First American") served as the successor trustee under the trust indenture.

Diehl defaulted on his loan payments and, consequently, First American undertook to foreclose on the trust indenture. First American engaged Defendant Northwest Trustee Services, Inc. ("Northwest Trustee") to serve as First American's agent for the purpose of conducting the sale. Todd Hendricks, Assistant Vice President of Northwest Trustee, issued a Notice of Trustee's Sale for the sale of Diehl's property, and the property was sold at a public auction.

Diehl alleges First American and Northwest Trustee's conduct violated two provisions of the Small Tract Financing Act.  First, the Act requires that a trustee must be:

> (a) an attorney who is licensed to practice law in Montana;
>
> (b) a bank, trust company, or savings and loan association authorized to do business in Montana under the laws of Montana or the United States; or
>
> (c) a title insurer or title insurance producer or agency authorized to do business in Montana under the laws of Montana.

Mont. Code Ann. § 71-1-306(1).  Diehl alleges First American, Northwest Trustee, and Todd Hendricks did not satisfy any of the qualifications required under § 71-1-306(1).

Second, the Small Tract Financing Act requires that "[o]n the date and at the time and place designated in the notice of sale, <u>the trustee or the trustee's attorney</u> shall sell the property at public auction to the highest bidder."  Mont. Code Ann. § 71-1-315(3) (emphasis added).  Diehl alleges that neither First American, nor its attorney was present at the auction for the sale of his property, and that the sale was conducted by someone other than the trustee or the trustee's attorney in violation of § 71-1-315(3).

Plaintiff Christopher Terry purchased property in Seeley Lake, Montana in 2007.  Terry similarly secured financing for his purchase through a deed of trust.

FINDINGS AND RECOMMENDATION - Page 3

Defendant Recontrust Company, N.A. ("Recontrust") served as the successor trustee under Terry's deed of trust.

Terry defaulted on his loan payments and Recontrust commenced proceedings to foreclose on the trust indenture. Recontrust issued a Notice of Trustee's sale, and Terry's property was sold at a public auction.

Terry alleges Recontrust violated Mont. Code Ann. § 71-1-315(3) with respect to the sale of his property. Terry alleges that a local process server conducted the auction and sale of his property, and that Recontrust was not present at the auction.

Plaintiffs allege that the forgoing conduct also violates a provision of the Fair Debt Collection Practices Act. Without identifying any specific provision, Plaintiffs allege that the Act "prohibits Defendants from taking actions that cannot legally be taken while acting to collect a debt." Dkt. # 1 at 12.

## II.  APPLICABLE LAW

### A.  Motion to Dismiss - Fed. R. Civ. P. 12(b)(6)

A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780,

FINDINGS AND RECOMMENDATION - Page 4

783 (9th Cir. 1996).  In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party.  *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

The Court's standard of review under Rule 12(b)(6) is informed by the provision of Fed. R. Civ. P. 8(a)(2) which requires that a pleading "must contain: [...] (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Rule 8).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 129 S. Ct. at 1949.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*.

### B.     Application of Montana Law

Plaintiffs assert jurisdiction over this action is founded upon diversity of citizenship as provided in 28 U.S.C. § 1332.  Dkt. # 1 at 3.  Therefore, the Court applies the substantive law of Montana, the forum state.  *Medical Laboratory*

*Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002). Federal courts "are bound by the pronouncements of the state's highest court on applicable state law." *Appling v. State Farm Mutual Auto. Ins. Co.*, 340 F.3d 769, 778 (9th Cir. 2003) (quoting *Ticknor v. Choice Hotels International, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001)).

### III. ANALYSIS

Plaintiffs' entire case is dependent upon the viability of their claims under the Small Tract Financing Act. Specifically, Plaintiffs recognize that the primary issue in this case is whether Mont. Code Ann. § 71-1-315(3) - requiring the "trustee or the trustee's attorney" to cry the foreclosure sale - precludes the trustee from delegating that task to an agent. Dkt. # 45 at 2. Thus, the Court will first address the claims under § 71-1-315(3).

    **A.**    **Trustee's Presence at Sale and Delegation of Duties - Mont. Code Ann. § 71-1-315(3)**

Plaintiffs contend Mont. Code Ann. § 71-1-315(3) designates the "trustee or trustee's attorney" as the only persons or entities that can conduct a foreclosure sale on a trust indenture executed under the Small Tract Financing Act. Therefore, Plaintiffs argue the statute must be construed to prohibit the trustee from delegating the task to some other person or entity. As discussed below, however,

FINDINGS AND RECOMMENDATION - Page 6

Montana law under the Small Tract Financing Act does not prohibit a qualified trustee from delegating the task of crying a foreclosure sale to an agent.

In *Knucklehead Land Co., Inc. v. Accutitle, Inc.*, 2007 MT 301, 340 Mont. 62, 172 P.3d 116 (2007), the Montana Supreme Court reviewed the procedures a trustee employed in the course of conducting a foreclosure sale on a trust indenture under the Small Tract Financing Act. In that case the trustee "designated [a law firm] to administer the non-judicial foreclosure sale" of the property, and the trustee "hired a [title company] to act as its agent to cry the sale[.]" 2007 MT 301 at ¶ 4. Although Knucklehead Land Company, Inc. ("Knucklehead") was the successful high bidder at the sale, the sale was subsequently voided due to a defect in the notice of the sale which the law firm provided to the Internal Revenue Service. *Id*. at ¶ 5. Consequently, Knucklehead lost its purchase of the property.

Knucklehead filed a civil action to recover damages for its loss of the purchase. Knucklehead alleged, *inter alia*, that the trustee breached fiduciary duties applicable to it. Specifically, Knucklehead argued the trustee was subject to the "'well-settled obligations and duties' of 'other' trustees" set forth in Mont. Code Ann. § 72-34-101 et seq., including the trustee's "duty to not delegate[]" the

FINDINGS AND RECOMMENDATION - Page 7

trustee's obligations - a duty imposed by Mont. Code Ann. § 72-34-113.[1] Knucklehead argued that the trustee breached its obligations as a trustee by "delegating trust administration" of the foreclosure sale to a law firm. *Id*.

The Montana Supreme Court rejected Knucklehead's attempt to impose additional duties on a trust indenture trustee. The Small Tract Financing Act sought to "streamline[] and reduce[] obstacles to the foreclosure process[,]" in part, by limiting the duties imposed on an indenture trustee. *Knucklehead*, 2007 MT 301 at ¶¶ 13-14. The Montana Supreme Court identified a trustee's limited duties under the Act, and concluded that "[t]he statute imposes no other duties upon the indenture trustee." *Id*. at ¶ 14. The Small Tract Financing Act sufficiently provides "built-in safeguards [...] which alleviate the need for imposition of additional trustee duties[.]" *Id*. at ¶ 15. Therefore, the Court concluded "that Knucklehead's reliance on § 72-34-113 [prohibiting the delegation of duties], is misplaced." *Id*. Thus, the Montana Supreme Court

---

[1] Mont. Code Ann. § 72-34-113(1) states as follows:

> **Duty not to delegate entire administration of trust.** (1) The trustee has a duty not to delegate to others the performance of acts that the trustee can reasonably be required personally to perform and may not transfer the office of trustee to another person or delegate the entire administration of the trust to a cotrustee or other person.

FINDINGS AND RECOMMENDATION - Page 8

recognized that an indenture trustee, performing duties under the Small Tract Financing Act, may delegate those duties to another party.

The Montana Fourth Judicial District Court, Missoula County, has directly addressed the issue that Plaintiffs raise under Mont. Code Ann. § 71-1-315(3). *See Dolan v. Union Planters Bank*, Cause No. DV-99-87785, Opinion and Order dated September 29, 2000. Dkt. # 36-2. In that case American Title and Escrow ("American Title") served as the trustee with respect to a trust indenture. When the borrower defaulted on the loan, American Title engaged an agent, First American Title, to conduct the foreclosure sale. An employee of First American Title conducted the sale.

Following the foreclosure sale the borrower filed a complaint challenging the sale, and alleging the sale violated certain provisions of the Small Tract Financing Act. Specifically, the plaintiff alleged that pursuant to Mont. Code Ann. § 71-1-315(3) American Title or its attorney were the only parties authorized to conduct the sale. Since First American Title and its employee who conducted the sale were neither the trustee nor the trustee's attorney, plaintiff argued the sale violated § 71-1-315(3). Dkt. # 36-2 at 10 of 19.

The district court rejected plaintiff's claim under § 71-1-315(3). The district court noted that under Montana law a principal can authorize an agent to act on

FINDINGS AND RECOMMENDATION - Page 9

behalf of the principal, and the agent, in turn, can perform any act that the principal could perform. Dkt. # 36-2 at 5 of 19, and 10 of 19 (citing Mont. Code Ann. § 28-10-105(2)). Section 28-10-105(2) provides that "[e]very act that, according to this code, may be done by or to any person may be done by or to the agent of the person for that purpose unless a contrary intention clearly appears." As required by § 28-10-105(2) the court concluded that the Small Tract Financing Act at § 71-1-315(3) did not limit the parties or entities who are permitted to conduct the sale, and the statute did not prohibit American Title from appointing an agent - First American Title - to conduct the sale. Dkt. # 36-2 at 10 of 19.

  This Court finds the holding in *Dolan* to be consistent with the rationale of *Knucklehead*. This Court agrees with *Dolan* that Mont. Code Ann. § 71-1-315(3) did not prohibit First American and Recontrust from designating an agent to conduct the foreclosure sales of Plaintiffs' real properties. Furthermore, First American and Recontrust's agent could perform any act that they could perform. Mont. Code Ann. § 28-10-105(2). Thus, Plaintiffs' allegations do not state a claim for relief, and are subject to dismissal.

### B.    Qualifications of Trustee - Mont. Code Ann. § 71-1-306

#### 1.    First American

First American moves to dismiss Diehl's claim alleging it does not meet the trustee qualifications imposed by Mont. Code Ann. § 71-1-306.  First American has submitted a copy of its certificate of authority, issued by the Commissioner of Insurance, authorizing it to transact title insurance business in Montana.  Dkt. # 36-1 at 2.  *See* Mont. Code Ann. § 33-2-101(1).

Although generally "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion[,]" a court may take judicial notice of "matters of public record."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).  Accordingly, the Court will take judicial notice of First American's certificate of authority.

Furthermore, Diehl now concedes First American is properly registered under Montana law and qualified to serve as a trustee.  Dkt. # 45 at 9.  Therefore, Diehl fails to state a claim against First American under Mont. Code Ann. § 71-1-306 upon which relief can be granted.  The claim should be dismissed.

#### 2.    Northwest Trustee

Northwest Trustee moves to dismiss Diehl's claim alleging it also does not meet any of the qualifications for serving as a trustee in violation of Mont. Code

FINDINGS AND RECOMMENDATION - Page 11

Ann. § 71-1-306.  For the reasons discussed above, First American was permitted to appoint Northwest Trustee as its agent to conduct the sale of Diehl's property, and the Small Tract Financing Act does not require an agent to separately qualify as a trustee under § 71-1-306.  First American is qualified as a trustee, and it remained responsible and liable for Northwest Trustee's actions in conducting the sale.  Mont. Code Ann. §§ 28-10-601 and 602.  Diehl's allegations fail to state a claim for relief against Northwest Trustee, and the claim should be dismissed.

### C. Fair Debt Collection Practices Act

As Plaintiffs concede, their claim "under the Fair Debt Collection Practices Act is derivative of violations of Montana's" Small Tract Financing Act.  Dkt. # 45 at 20.  "The Court must find that Count 1 or Count 2 of the Complaint is a valid legal claim in order to support a basis for a claim under the" Fair Debt Collection Practices Act.  *Id*. at 20-21.

Having concluded that Plaintiffs cannot state a claim for relief under the Small Tract Financing Act, their claim under the Fair Debt Collection Practices Act similarly fails.  Defendants' motions on this issue should be granted.

## IV.  CONCLUSION

Plaintiffs' allegations advanced under the Small Tract Financing Act fail to state a claim on which the Court could grant relief.  Consequently, Plaintiffs'

FINDINGS AND RECOMMENDATION - Page 12

derivative claim under the Fair Debt Collection Practices Act also fails.

THEREFORE, IT IS RECOMMENDED that Defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(6) should be GRANTED, and this action should be DISMISSED.

The Defendants' remaining arguments for dismissal of Plaintiffs' claims are moot in view of the Court's conclusion under Rule 12(b)(6) and, therefore, the balance of Defendants' motions should be DENIED.  Similarly, Recontrust's motion for a separate final judgment under Fed. R. Civ. P. 54 should be DENIED as moot.

DATED this 22nd day of April, 2010.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge