FILED
MAY 27 2010
PATRICK E. DUFFY, CLERK
By DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| SHAWN DIEHL, on behalf of himself and all others similarly situated, and CHRISTOPHER TERRY, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RECONSTRUCT COMPANY, N.A., NORTHWEST TRUSTEE SERVICES, INC., FIRST AMERICAN TITLE INSURANCE COMPANY; and DOES 1-10,<br><br>Defendants. | CV 09-169-M-DWM<br><br><br><br><br><br>ORDER |

Plaintiffs assert claims regarding Defendants' procedures in foreclosing on trust indentures Plaintiffs executed under Montana's Small Tract Financing Act ("the Act"), Mont. Code Ann. § 71-1-301 et seq., as well as a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on

April 22, 2010. Judge Lynch recommended dismissing Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs timely objected to the Findings and Recommendation and are thus entitled to de novo review of those portions of the Findings and Recommendation to which they objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Defendant First American Title Company ("First American") was the trustee for Plaintiff Diehl's trust indenture. When Diehl defaulted, First American designated Northwest Trustee Services, Inc. ("Northwest Trustee") to serve as its agent in conducting the sale. Defendant Reconstruct Company, N.A. ("Reconstruct") was the trustee for Plaintiff Terry's trust indenture. Terry alleges a local process server conducted the foreclosure sale of his property.

Judge Lynch found the action should be dismissed because Plaintiffs have failed to state a claim upon which relief may be granted. He found the trustees did not violate Mont. Code Ann. § 71-1-315(3) by delegating the duty to conduct the foreclosure sale. Judge Lynch also found the trustees were qualified under Mont. Code Ann. § 71-1-306. Finally, Judge Lynch found that Plaintiffs' claim under the Fair Debt Collection Practices Act should be dismissed because it relies on the

alleged violations of the Small Tract Financing Act to succeed.

Plaintiffs object to the finding that the trustees could delegate an agent to conduct the foreclosure sale, arguing the plain language of the statute prohibited the trustee's from delegating this duty to any other party. The statute provides in pertinent part that, "On the date and at the time and place designated in the notice of sale, <u>the trustee or the trustee's attorney</u> shall sell the property at public auction to the highest bidder." Mont. Code Ann. § 71-1-315(3) (emphasis added). I agree with Judge Lynch that the Montana Supreme Court's decision in <u>Knucklehead Land Co, Inc. v. Accutitle, Inc.</u>, 172 P.3d 116 (Mont. 2007) guides the outcome here. In <u>Knucklehead,</u> the trustee for a trust indenture designated a law firm to administer the sale, and the substitute trustee "hired [a title company] to act as its agent to cry the sale." <u>Id.</u> at 119. The sale was later voided due to defects in the notice. The Montana Supreme Court held that the trustee was not subject to the duties of other trustees, including the duty not to delegate the trustee's obligations, but was subject only to the duties set forth in the Act. <u>Id.</u> at 120-21; <u>see also</u> Mont. Code Ann. § 72-34-113 (prohibiting other trustees from delegating administration of the entire trust). Prior to the <u>Knucklehead</u> decision, a Montana district court has previously addressed the exact question presented here and concluded that a trustee may designate an agent to conduct a foreclosure sale.

Dolan v. Union Planters Bank, N.A., DV–99–87785 (dkt #40-1).

Judge Lynch correctly found that Dolan is consistent with the Montana Supreme Court's reasoning in Knucklehead. Although Knucklehead did not directly address the issue before the Court, it also involved the use of an agent to conduct the sale, and the trustee had delegated the duty of preparing the sale to a law firm. As the state court noted in Dolan, Montana law permits a party to designate an agent to do most acts for which the party is responsible, "unless a contrary intention clearly appears." Mont. Code Ann. § 28-10-105(2). The Court agrees with Judge Lynch that section 315(3) does not prohibit a trustee from designating an agent to conduct the foreclosure sale.

Plaintiffs also argue Judge Lynch erred in concluding the agent appointed to conduct a sale does not have to comply with the trustee requirements of Mont. Code Ann. § 71-1-306. However, I agree with Judge Lynch's findings on this issue. For the reasons above, the trustees could designate an agent to conduct the sale. The Act does not require that an agent separately qualify as a trustee, particularly because the trustees, as principals for the agents who conducted the sales, remain liable for any wrongs committed by the agents in conducting the sales. See Mont. Code Ann. §§ 28-10-601, 28-10-602.

Plaintiffs also briefly suggest the Court may certify the issues presented

here to the Montana Supreme Court. Questions should not be certified if the answer to a question under state law is reasonably clear and adequate state law exists to allow a federal court to reach a principled decision. City of Houston v. Hill, 482 U.S. 451, 470-71 (1987). Based on the cases already discussed, the Court finds there is adequate state law to determine the issues before the Court. Certification is not warranted.

I find no clear error in Judge Lynch's remaining findings and recommendation. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #49) are adopted in full.

IT IS FURTHER ORDERED that Defendants' motions to dismiss (dkt # 35, 37, 39) are GRANTED pursuant to Fed. R. Civ. P. 12(b)(6). They are DENIED as in all other respects. Defendant Reconstruct Co.'s motion for entry of a separate final judgment (dkt #37) is DENIED as moot.

The Clerk of Court is directed to enter judgment and close the case.

Dated this 27th day of May, 2010.

_____
Donald W. Molloy, District Judge
United States District Court

-5-